## In re ALLEN MACH. CO.

District Court, W. D. Pennsylvania. January 14, 1929.

No. 13195.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for trustee.

J. M. Sherwin, of Erie, Pa., for Nagle Mach. Co.

McVICAR, District Judge. The question before us for review is an order of the referee, dated May 25, 1928, directing the Nagle Engine Company to pay the trustee in bankruptcy a certain sum of money, and further directing the trustee upon payment thereof to convey any title which he may have as trustee in certain real estate.

The Allen Machine Company, the bankrupt, was the owner of certain real estate situate in the city of Erie, against which there was a mortgage in the sum of $300,000, held by the Erie Trust Company as trustee for bondholders.

The taxes for the year 1922 against said property were not paid, and, as a result, the treasurer of Erie county, in June, 1924, sold the property to the commissioners of Erie county, for the sum of $659.45. The Allen Machine Company being in financial trouble, the court of common pleas of Erie county appointed Frank M. Wallace receiver thereof. The receiver, on January 3, 1927, paid the commissioners of Erie county the aforesaid sum of $659.45, and received from them a reconveyance of said property. The Allen Machine Company was afterwards adjudged a bankrupt and the receiver was appointed trustee in bankruptcy; he endeavored to sell the aforesaid property of the bankrupt, was unable to procure a purchaser, and thereafter filed a disclaimer of title thereto. The Erie Trust Company sold the property in foreclosure proceedings on the mortgage aforesaid; the property was purchased at sheriff's sale by the Nagle Engine Company. The trustee claimed the right to recover from the purchaser the amount paid for the redemption thereof. The purchaser filed a petition before the referee praying for an order directing that the claim of the trustee to recover said sum of $659.45 be withdrawn and canceled. The referee, after hearing, made the following order: "It is therefore ordered, that the owner of the real estate, the Nagle Engine Company, pay F. M. Wallace, Trustee, the sum of $659.45, and that upon receipt of said sum the Trustee is hereby ordered to release, assign, transfer and convey to the said Nagle Engine Company, or its assigns, any and all interest which he has in said real estate as the result of the payment of taxes thereon, and for which he took an assignment of the Treasurer's Deeds."

The sale by the county treasurer discharged the lien of the taxes. The assignment of the deed from the treasurer to the county commissioners to the trustee was merely for the purpose of vesting in the trustee the title which the commissioners formerly held under its tax deed. There was no legal obligation upon the purchaser, as a purchaser, to pay the trustee the money which he formerly had voluntarily paid in redeeming the property. There was no contractual obligation between the purchaser and the bankrupt or his trustee. The evidence does not show any legal obligation resting upon the purchaser to pay the money which the trustee paid to the county commissioners.

The order is overruled.